# IN THE UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

Kevin W. Banks                                             Case No. 1:18cv2844

      Petitioner,

v.                                                          **ORDER**

Mike DeWine,

      Respondent.

This is a *pro se* state prisoner habeas corpus case in which the petitioner asserts two grounds for relief: 1) insufficiency of evidence; and 2) prosecutorial misconduct. Following referral to Magistrate Judge Thomas M. Parker, the filing of his Report & Recommendation (Doc. 31), and the petitioner's filing of objections (Doc. 32), the matter is ripe for decision.    For the reasons that follow, I find no merit in the petitioner's objections or, on *de novo* review, his claims. Accordingly, I dismiss the petition with prejudice. I also decline to issue a Certificate of Appealability.

## Background

On June 29, 2016, a Medina County grand jury indicted petitioner. While in a dressing room of the Medina, Ohio, Target store, he used his cell phone to film a disrobed female in an adjacent dressing room. In her room's mirror, she noticed an arm and cell phone above the partition between the rooms. She left the room and, while she was speaking with a store employee, petitioner left the store. A retired officer noticed him running to his car.

Before entering his car, petitioner took off his tank top shirt and covered its rear license plate. The officer followed petitioner as he left the parking lot and notified the police. A traffic stop and petitioner's arrest ensued.

Following a bench trial, a Medina County, Ohio, Court of Common Pleas Judge found petitioner guilty as charged of voyeurism and tampering with evidence. Following affirmance on direct appeal and a medley of other post-conviction challenges in the state courts, petitioner filed the instant petition.

Petitioner has exhausted his state remedies. I presume the trial judge's findings of fact correct under 28 U.S.C. § 2254(e)(1); *see, eg., Moore v. Mitchell,* 708 F.3d 760 (6th Cir. 2013).

### Discussion

On the basis of exhaustive review of the petition and the parties' contentions, the Magistrate Judge concluded that petitioner had procedurally defaulted his two claims because, despite his various challenges in the state courts, he never obtained one full round of appellate review of either of them.

The Magistrate Judge based this conclusion on the fact that:1) as to his evidentiary insufficiency claim, he never filed a timely memorandum in support of that claim in the Ohio Supreme Court; and 2) as to his claim of prosecutorial misconduct, he never properly raised that claim in the state courts. To do so, as the Magistrate Judge correctly pointed out, petitioner had to assert not just his factual basis for any such claim, but also the legal authority that supported that claim. As he also pointed out, petitioner had to do both – provide, in addition to a factual basis, the legal authority that supported his state court claims. *See, e.g., McMeans v. Brigano*, 228 F.3d 674, 681 (6th Cir. 2000). The Magistrate Judge found that petitioner had done neither. On *de novo* review, I conclude that the Magistrate Judge was entirely correct.

By not having cited applicable legal authority when needed in the state courts, the petitioner, the Magistrate Judge concluded, had failed to meet his fundamental obligation to give those courts a "full opportunity to resolve any constitutional issues by invoking . . . the State's established appellate review process." (Doc. 20, pgID 1306) (citing *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999); *Manning v. Alexander*, 912 F.2d 878, 881 (6th Cir. 1990)).

The Magistrate Judge found that petitioner had never raised his second ground – alleged prosecutorial misconduct – in any of many appellate state court proceedings. On *de novo* review, I

2

conclude that his conclusion, like the similar finding of default as to the petitioner's Ground One, is entirely correct.

**Conclusion**

The petitioner failed to file timely objections: on that basis alone, I could overrule those objections. Nonetheless, I have reviewed the Magistrate Judge's Report & Recommendation and the underlying record *de novo* and find that the petitioner has, as the Magistrate Judge concluded, procedurally defaulted his two claims. I also agree that his claims, even if a proper subject for habeas review, are without merit.

It is, accordingly, hereby

ORDERED THAT:

1. The Magistrate Judge's Report & Recommendation (Doc. 31) be, and the same hereby is adopted as the order of this court; and

2. Petitioner's petition for writ of habeas corpus be, and the same hereby is denied.

An appeal from this decision could not be taken in good faith, and I decline to grant a Certificate of Appealability.

So ordered.

/s/ James G. Carr
Sr. U.S. District Judge